# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# WHEELING

**K.R. ENTERPRISES, INC.**,

    Plaintiff,

v.                                                   **CIVIL ACTION NO. 5:18-CV-127**
                                                         **(BAILEY)**

**OHIO SECURITY INSURANCE COMPANY**,

    Defendant.

## ORDER GRANTING IN PART MOTION TO DISMISS
## THE COMPLAINT OR TRANSFER BY OHIO SECURITY INSURANCE COMPANY

Currently pending before this Court is a Motion to Dismiss the Complaint or Transfer by Ohio Security Insurance Company [Doc. 6], filed August 30, 2018. Having been fully briefed, this matter is now ripe for decision. For the reasons set forth below, the Motion will be granted in part. This Court will not dismiss the Complaint, but will instead transfer this case to the United States District Court for the Southern District of West Virginia.

## BACKGROUND

Plaintiff's Complaint asserts claims against defendant for declaratory judgment, breach of contract, and common law and statutory bad faith, in connection with several underlying lawsuits arising out of plaintiff's former employee's alleged filing of fake income tax returns on behalf of certain customers of plaintiff [Doc. 1 at ¶¶ 9, 12, 13, 20]. Specifically, plaintiff alleges that defendant had a duty to defend plaintiff and plaintiff's franchisor, Jackson Hewitt Inc., against the allegations asserted by plaintiff's customers arising out of its former employee's alleged conduct [Id. at ¶¶ 34–35].

In the present Motion at issue, defendant asks this Court to dismiss the Complaint

or, in the alternative, to transfer this case to the Southern District of West Virginia. In sum, defendant argues the following:

> Whether [defendant] Ohio Security has a duty to defend [plaintiff] KR Enterprises and Jackson Hewitt under the relevant insurance policy for the alleged conduct of its former employee, Jeremy Evans, in the McDowell County Underlying Lawsuits is already the subject of the first-filed, declaratory judgment action pending in the U.S. District Court for the Southern District of West Virginia, ***Ohio Security Insurance Company v. K R Enterprises, Inc. et al.***, No. 1:15-16264 (S.D. W.Va. filed Dec. 18, 2015) (the "Ohio Security DJ Action"). KR Enterprises is named as a defendant in the Ohio Security DJ Action and was properly served in that case over two and a half years ago.
>
> The instant action should be dismissed as procedurally improper for three reasons. ***First***, the Ohio Security DJ Action, which was filed over 32 months ago, is the first-filed case between KR Enterprises and Ohio Security and is already addressing the same insurance coverage issues that KR Enterprises raises in the Complaint. ***Second***, the Complaint should be dismissed under Fed. R. Civ. P. 13(a) because the claims alleged in the Complaint are compulsory counterclaims in the existing Ohio Security DJ Action, which KR Enterprises has never asserted in that case.
>
> ***Third***, KR Enterprises remains in default in the Ohio Security DJ Action; the clerk entered default against KR Enterprises over nine months ago, in December 2017. Instead of seeking to remove the default, respond to the second amended complaint in that action, and assert counterclaims, KR Enterprises is pursuing those claims belatedly and in the incorrect forum—ignoring its dilatory defense in the first-filed action which has resulted in default. The Court should reject KR Enterprises'[s] attempt to avoid the consequences of that default by filing this action—addressing the same coverage questions—in a different venue.
>
> In the alternative, if the Court does not dismiss this case, Ohio Security respectfully requests that the Court transfer this case to the U.S. District Court for the Southern District of West Virginia, which is the more convenient forum for the parties.

[Doc. 7 at 6].

In response to defendant's "first-filed rule" argument, plaintiff argues that there are "special circumstances present in this case that merit this Court ignoring the first-filed rule

2

in favor of Plaintiff's instant action" [Doc. 15 at 1]. Specifically, plaintiff states that "this Court is the only Court to address the duty to defend and coverage issues on their merits," [id. at 5], referring to this Court's Order Denying the Motion for Judgment on the Pleadings of Ohio Security Insurance Company in *Goodman v. Jackson Hewitt, Inc., et al.* [Civil Action No. 5:17-CV-43, Doc. 96]. Thus, plaintiff argues that if this Court were to grant the Motion, "the principles of federal comity, judicial efficiency, judicial economy, and avoiding inconsistent decisions would all be frustrated as this Court has already considered the substantive arguments related to the duty to defendant and coverage issues that are also at issue in the instant action" [Doc. 15 at 7]. Further, plaintiff notes that the earlier filed declaratory judgment action in the Southern District is currently on the inactive docket [Id. at 5].

In response to defendant's compulsory counterclaim argument, plaintiff argues that the "policies underlying declaratory judgment actions do not support a requirement that a defendant in a declaratory judgment action file counterclaims in such declaratory judgment action" [Id. at 7]. Thus, plaintiff argues this Court "should refuse to give consideration to whether or not the claims asserted by [plaintiff] in the instant action should have been brought as counterclaims in the declaratory judgment action brought by [defendant]" [Id.]. Further, plaintiff argues that "even if this Court were to consider whether or not Plaintiff's claims asserted in the instant action should have been previously asserted as compulsory counterclaims, it is evident that such claims were not compulsory counterclaims because, at the time [defendant's] declaratory judgment action complaint was served, the claim was the subject of another pending action. Moreover, West Virginia insurance law permits [plaintiff] to bring a new, independent lawsuit against its insurer, Defendant" [Id. at 9].

3

**DISCUSSION**

The Fourth Circuit adheres to the first-filed rule, which holds that when similar lawsuits are filed in multiple fora, the first suit filed has priority "absent the showing of balance of convenience in favor of the second action." *Volvo Constr. Equip. N. Am. v. CLM Equip. Co.*, 386 F.3d 581, 594–95 (4th Cir. 2004) (quoting *Ellicott Mach. Corp. v. Modern Welding Co.*, 502 F.2d 178, 180 n.2 (4th Cir. 1974)). If the suits have the "same factual issues, the first or prior action is permitted to proceed to the exclusion of another subsequently filed." *Allied-General Nuclear Servs. v. Commonwealth Edison Co.*, 675 F.2d 610, 611 n.1 (4th Cir. 1982). "A district court may, in its discretion, 'dismiss, stay, or transfer a later-filed lawsuit in deference to the first filed action.'" *J&M Distrib., Inc. v. Hearth & Home Techs., Inc.*, 2013 WL 12131600, at *1 (N.D. W.Va. Jan. 8, 2013) (Bailey, J.) (quoting *St. Paul Fire & Marine Ins. Co. v. Renne Acquisitions Corp.*, 2010 WL 2465543, at *2 (W.D. N.C. June 14, 2010)).

This Court is persuaded that the Southern District of West Virginia is the appropriate venue for this case. The declaratory judgment action in the Southern District was filed prior to the instant case and involves the same parties and insurance coverage issues. This Court finds no compelling circumstances to deviate from the first-filed rule.

While it is true this Court discussed the merits of defendant's duty to defend plaintiff and the related coverage issues in the *Goodman* action, this Court did so in the context of a motion for judgment on the pleadings in that particular case and did not address the McDowell County underlying lawsuits. In fact, this Court was only able to consider defendant's motion for judgment on the pleadings in the *Goodman* action because this

4

Court, and the Southern District, both determined that the first-filed rule required this Court to retain and not stay the *Goodman* action pending the declaratory judgment action in the Southern District.

In *Goodman*, plaintiff Cathy Goodman was the beneficiary of the first-filed rule, as she filed her action in this Court before being added as a defendant to the declaratory judgment action in the Southern District. The Southern District dismissed Cathy Goodman from the declaratory judgment action based on the first-filed rule, as she "was added as a defendant to [that] lawsuit after she had already filed her own lawsuit," [S.D. W.Va. Civil Action No. 1:15-CV-16264, Doc. 111 at 8], and this Court also considered the first-filed rule in denying defendant's Motion to Stay [Civil Action No. 5:17-CV-43, Doc. 96]. The same is not true for plaintiff here, who was originally named as a defendant in the Southern District declaratory judgment action, and who presents the same question—whether defendant had a duty to defend plaintiff in the McDowell County underlying lawsuits—that has been the subject of the Southern District declaratory judgment action for over two and a half years.

Further, plaintiff does not cite a case in which a court disregarded the first-filed rule due to "special circumstances" of the kind plaintiff asserts are present here. Plaintiff argues the Fourth Circuit has indicated "that special circumstances may warrant an exception to the first-filed rule" [Doc. 15 at 5]. However, in *Learning Network, Inc. v. Discovery Communications, Inc.*, 11 Fed. App'x 297 (4th Cir. 2001), from which plaintiff partially quotes a footnote to support its argument, the Fourth Circuit expressly declined to address a "special circumstances" exception to the first-filed rule. The Court stated the following:

> The Fourth Circuit has not stated explicitly that special circumstances may warrant an exception to the first-filed rule. Because we find that the court below did not abuse its discretion in finding no special circumstances in this case, we do not herein undertake to determine whether the presence of special circumstances would, in fact, merit a departure from the first-filed rule.

*Id.* at 301 n.2.

The Fourth Circuit does recognize an "exception to the first-filed rule when the balance of convenience favors the second action." *Id.* at 302 (citing **Ellicott**, 502 F.2d at 180 n.2). However, plaintiff did not argue this point to this Court, nor does this Court find such an exception to be applicable here. Nothing indicates transfer of this action to the Southern District would be any less convenient for the parties or the courts. In fact, the balance of convenience and efficiency favor the comprehensive declaratory judgment action in the Southern District, as resources will not be spent litigating in a second federal court the exact insurance coverage issues that are being addressed in the Southern District declaratory judgment action.

With regard to plaintiff's concern that the Southern District declaratory judgment case is currently on the inactive docket, there is a motion pending to return the case to the active docket. *See* [S.D. W.Va. Civil Action No. 1:15-CV-16264, Doc. 134]. Further, it appears the case is on the inactive docket at least in part because of plaintiff's own actions, as plaintiff is one of two parties who are in default, while the remaining parties have reached a settlement agreement. Additionally, assuming the case is returned to the active docket, there is a pending, fully-briefed Rule 12(c) motion for judgment on the pleadings filed by defendant which would address the coverage dispute with regard to the McDowell County underlying lawsuits—the same declaratory relief plaintiff seeks in this case.

6

Further, even if this Court were to accept plaintiff's argument that special circumstances warrant disregarding the first-filed rule, other countervailing circumstances support transferring this case to the Southern District. One such circumstance is defendant's compulsory counterclaim argument. Determining whether plaintiff's claims here should have been brought as compulsory counterclaims in the Southern District declaratory judgment action is not especially straightforward. At first blush, plaintiff's claims certainly seem to be compulsory. *See* Fed. R. Civ. P. 13(a); **Q Intern. Courier Inc. v. Smoak**, 441 F.3d 214, 219 (4th Cir. 2006) (identifying four inquiries courts generally consider in determining whether a counterclaim is compulsory). However, courts have answered differently the question of whether there is a compulsory counterclaim exception in declaratory judgment actions. *See, e.g.*, **Allan Block Corp. v. County Materials Corp.**, 512 F.3d 912, 916 (7th Cir. 2008) (recognizing "an exception to res judicata for cases in which the only relief sought in the first suit is a declaratory judgment"). *But see, e.g.*, **Holbrook v. Shelter Ins. Co.**, 186 Fed. App'x 618, 622 (6th Cir. 2006) (finding "no precedent whatsoever indicating that declaratory judgment actions are immune from the normal rule on compulsory counterclaims"). Additionally, even if a court recognized an exception in declaratory judgment actions, there would still be a question as to whether such an exception would apply here given the procedural history and current posture of these actions. Plaintiff also argues other exceptions to the normal rule on compulsory counterclaims. As such, this Court finds it more appropriate for the Southern District to determine whether plaintiff's claims here should have been brought as compulsory counterclaims in the declaratory judgment action before it.

7

Another, somewhat related, circumstance that supports transfer to the Southern District is the procedural history of the Southern District declaratory judgment action. The Clerk of Court entered default against plaintiff in the Southern District declaratory judgment action in December 2017. *See* [S.D. W.Va. Civil Action No. 1:15-cv-16264, Doc. 134]. As a result, defendant argues the following:

> Instead of seeking to remove the default, respond to the second amended complaint in that action, and assert counterclaims, [plaintiff] is pursuing those claims belatedly and in the incorrect forum—ignoring its dilatory defense in the first-filed action which has resulted in default. The Court should reject [plaintiff's] attempt to avoid the consequences of that default by filing this action—addressing the same coverage questions—in a different venue.

[Doc. 7 at 6]. As the Southern District is familiar with the procedural history and actions of the parties to this point, it is in a better position to determine any specious activity.

At bottom, whether defendant had a duty to defend plaintiff under the relevant insurance policy in the McDowell County underlying lawsuits is already the subject of the first-filed declaratory judgment action pending in the United States District Court for the Southern District of West Virginia and this Court finds no compelling reason to deviate from the first-filed rule. "Application of the first-filed rule requires a district court to dismiss, stay, or transfer a later-filed lawsuit in deference to the earlier-filed action." ***J&M Distrib.***, 2013 WL 12131600, at *2 (quoting ***Allied-Gen. Nuclear Servs.***, 675 F.2d at 611 n.1). "Incongruence between parallel litigations, even if relatively slight, weighs against outright dismissal if transfer is a viable option." ***Id.*** (citing ***St. Paul Fire***, 2010 WL 2465543). Venue in the Southern District of West Virginia is proper and both parties to this action are parties to the Southern District declaratory judgment action. Accordingly, this case will be transferred to the Southern District of West Virginia, as the action could have been brought

there originally and transfer would be in the interest of justice.  See 28 U.S.C. § 1404(a).

## CONCLUSION

For the reasons stated above, it is hereby **ORDERED** that the Motion to Dismiss the Complaint or Transfer by Ohio Security Insurance Company **[Doc. 6]** is **GRANTED IN PART**.  Accordingly, this action shall be **TRANSFERRED** to the Southern District of West Virginia.

It is so **ORDERED**.

The Clerk is directed to transmit a copy of this Order to all counsel of record herein and to take all steps necessary to effectuate this transfer.

**DATED**: October 9, 2018.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE